**Dennis A. WALTERS, Jr., Plaintiff,**

v.

**CITY OF ATLANTA, et al., Defendants.**

**Civ. A. C83–1432A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 28, 1985.

Dana E. McDonald, Atlanta, Ga., for plaintiff.

Kendric E. Smith, Marva Jones Brooks, Overtis Hicks Coopwood, Atlanta, Ga., for defendants.

## JUDGMENT

. SHOOB, District Judge.

This action came before the Court and jury with the Honorable Marvin H. Shoob presiding. The issues were tried to the Court upon plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and to the jury under 42 U.S.C. §§ 1981 and 1983. The issues having been tried, the jury having rendered its verdict in plaintiff's favor on the claims under 42 U.S.C. § 1981, and the Court having found in plaintiff's favor on the Title VII claims, 610 F.Supp. 715,

### IT IS HEREBY ORDERED AND ADJUDGED:

That plaintiff recover of defendants as follows:

a. From defendant City of Atlanta:

1. that the City of Atlanta hire plaintiff Dennis A. Walters, Jr., as Cyclorama Director no later than June 3, 1985, at the salary plaintiff would be receiving now had he been hired on November 1, 1981, namely $24,720 per annum;

2. that it credit Dennis A. Walters, Jr., with all leave (both annual and sick) and all other fringe benefits that would have accrued to plaintiff between November 1, 1981, and the date of instatement;

3. back pay in the amount of $70,-625.66;[1]

4. prejudgment interest upon the back pay in the amount of $18,903.01;

5. $115,000 in compensatory damages for mental distress from the City's violation of 42 U.S.C. § 1981;

6. front pay in the amount of $1,366.05 per month commencing April 1, 1985, and continuing to the date plaintiff is actually placed in the position of Cyclorama Director;

7. interest upon all amounts specified in 3 through 5 above based upon the applicable post-judgment interest rate, 28

---

**1.** The City is jointly and severally liable with defendant Geraldine Elder for $9500 of that sum.

U.S.C. § 1961, commencing April 5, 1985, and continuing until this judgment is satisfied; and

8. a reasonable attorney's fee to be determined by the Court and costs in this action.

b. From defendant Andrew J. Young in his individual capacity:

1. $10,000 in compensatory damages for mental distress;

2. $2,000 in punitive damages;

3. interest upon the amounts specified in 1 and 2 at the post-judgment interest rate, 28 U.S.C. § 1961, commencing on April 5, 1985, and continuing until the judgment is satisfied; and

4. a reasonable attorney's fee to be determined by the Court and costs in this action.

c. From defendant Shirley C. Franklin in her individual capacity:

1. $10,000 in compensatory damages for mental distress;

2. $2,000 in punitive damages;

3. interest upon the amounts specified in 1 and 2 at the post-judgment interest rate, 28 U.S.C. § 1961, commencing on April 5, 1985, and continuing until the judgment is satisfied; and

4. a reasonable attorney's fee to be determined by the Court and costs in this action.

d. From defendant Clara G. Axam in her individual capacity:

1. $5,000 in compensatory damages for mental distress;

2. $1,000 in punitive damages;

3. interest upon the amounts specified in 1 and 2 at the post-judgment interest rate, 28 U.S.C. § 1961, commencing on April 5, 1985, and continuing until the judgment is satisfied; and

4. a reasonable attorney's fee to be determined by the Court and costs in this action.

e. From defendant Geraldine G. Elder in her individual capacity:

1. $9500 in back pay (joint and several liability with the City of Atlanta);

2. $10,000 in compensatory damages for mental distress;

3. $2,000 in punitive damages;

4. interest upon the amounts specified in 1 through 3 at the post-judgment interest rate, 28 U.S.C. § 1961, commencing on April 5, 1985, and continuing until the judgment is satisfied;

5. a reasonable attorney's fee to be determined by the Court and costs in this action.